**GRACELAWN MEMORIAL PARK, INC.,
a Delaware Corporation, Plaintiff,**

v.

**The STATE of Delaware; Richard S. Gebelein, as Attorney General of the State of Delaware; and John E. Malarkey, as State Bank Commissioner of the State of Delaware, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Nov. 20, 1980.
Decided Nov. 26, 1980.

Upon plaintiff's motion for summary judgment in declaratory action. Motion granted.

David C. McBride (argued) of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Edward Kafader, Deputy Atty. Gen., Dept. of Justice, Wilmington, for defendants.

O'HARA, Judge.

This action was instituted by Gracelawn Memorial Park, Inc. ("Gracelawn"), wherein Gracelawn seeks a declaratory judgment that Gracelawn's sales of "burial vaults" to the public are not "preneed sales" and thus, not governed by the regulatory scheme of 24 *Del.C.*, Ch. 31, Sub-chapter II. In the alternative, Gracelawn contends that the application of the statute to the sales in question would violate the due process and equal protection guarantees of the United States and Delaware Constitutions. The defendant also moved for a declaratory judgment and parties have filed cross-motions for summary judgment.

The facts in this case are undisputed. Gracelawn sells burial vaults to individuals who have previously purchased a cemetery lot in the Park. The purchaser of the vault pays the entire purchase price immediately or in installments over a period of time varying from one to three years. Gracelawn delivers and installs the vault on the previously deeded lot within a reasonable time after the purchase price has been paid in full. The proceeds from the sales of the burial vaults are treated as part of Gracelawn's general assets.

The issue to be resolved is whether the above-mentioned sales constitute "preneed burial contracts" as defined by 24 *Del.C.* § 3120(3). If so, Gracelawn violated 24 Del.C. §§ 3121, 3124 in that Gracelawn did not place the proceeds of the sales in a trust fund and failed to obtain a license prior to entering into "preneed burial contracts." 24 *Del.C.* § 3120(3) reads, as follows:

"(3) 'Preneed burial contract' means a contract which has for a purpose the furnishing or performance of funeral services or the furnishing or delivery of personal property, merchandise or services of any nature in connection with the final disposition of a dead human body for future use at a time determinable by the death of the person whose body is to be disposed of, but does not mean the furnishing of a cemetery lot, mausoleum or memorial."

Gracelawn asserts that the literal language of § 3120(3), the statutory interpretation of other similar and/or identical state statutes, and the purpose of the statute unequivocally demonstrate that the sales in question do not fall within the definition of § 3120(3).

The State argues that the plain language of § 3120(3) and the purpose of the

statute necessarily indicate a legislative intent to include the sales in question within that statute. The parties both contend that the definition of "preneed burial contracts" is clear and unambiguous, yet, the litigants reach different conclusions based on the same definition. Judicial interpretation of § 3120(3) is thus necessary. The statutory words should be given a reasonable and sensible meaning in light of their intent and purpose. *E. I. DuPont de Nemours & Co. v. Clark*, Del.Supr., 88 A.2d 436 (1952).

"Preneed burial contracts" involve the sale or furnishing of merchandise "in connection with the final disposition of a dead human body and for future use *at a time determinable by the death of the person whose body is to be disposed of . . .*" (emphasis added). A sensible and reasonable interpretation of this language illustrates that the statute is aimed at sales whereby the customer does not receive performance under the contract until the death of the person whose body is to be disposed of, normally the purchaser himself. Here, Gracelawn's performance is not determined "by the death of the person whose body is to be disposed of." Rather, Gracelawn's performance is required within a reasonable time after final payment.

Other statutory provisions also indicate that the sales in question do not fall within the definition of § 3120(3). Section 3121(b), for example, provides that the funds placed in trust are to remain in trust until the purchaser dies and "until the delivery of all merchandise and full performance of all services called for by the agreement." This section envisions the situation where the contracts to be regulated will not be performed until after the death of the purchaser. Indeed, this situation warrants the retention of the trust funds in the trust not only until the death of the purchaser but also until the performance of the contract. Gracelawn's performance under the contract, however, is not connected to the purchaser's death.

Furthermore, 24 *Del.C.* § 3122(a) provides that the funds held in trust must be refunded to the purchaser upon demand, together with interest, dividends, increases or accretions of any kind whatsoever which have been earned on such funds." The requirement that the funds must be returned to the purchaser with interest is a senseless requirement in situations where the purchaser has delivery and possession of the property. Indeed, Gracelawn's purchasers of burial vaults do receive delivery and possession of the property.

Courts in other jurisdictions have consistently interpreted analogous preneed statutes, which are similar and/or identical to the language of the Delaware statute, to be inapplicable to sales of burial vaults where delivery is made upon payment of the purchase price. *People ex rel. Lindberg v. Memorial Consult.*, Ill.App., 50 Ill.App.3d 1005, 9 Ill.Dec. 13, 366 N.E.2d 127 (1977), appeal dismissed, 436 U.S. 952, 98 S.Ct. 3063, 57 L.Ed.2d 1118 (1978); *Lakeview Gardens v. State ex rel. Schneider*, Kan. Supr., 221 Kan. 211, 557 P.2d 1286 (1976); *State v. Anderson*, Kan.Supr., 195 Kan. 649, 408 P.2d 864 (1966); *Reserve Vault Corporation v. Jones*, Ark.Supr., 234 Ark. 1011, 356 S.W.2d 225 (1962).

Protection for the purchaser is warranted where payment for the burial vault is made and delivery is delayed until death. *See, e. g., Reserve Vault Corporation v. Jones*, supra. Security for performance is incurred when the seller is required to obtain a license and retain payments in a trust fund until the death of the person and delivery of the vault. No such security is necessary where delivery is performed within a reasonable time after the purchase price is paid in full.

The State urges that purchasers who tender full payment and receive delivery within a reasonable time thereafter need protection for their purchases. More specifically, the State argues that a burial vault is not readily viewable and as such, may be surreptitiously removed or not placed in the lot at all. The State's arguments may be summarily dismissed as mere conjecture.

In view of the foregoing analysis and conclusion, it is unnecessary to address Gracelawn's contention that application of the

statute to the sales in question would violate the due process and equal protection clauses of the United States and Delaware Constitutions.

The various requirements that must be satisfied prior to the entry of a declaratory judgment are present in this case. Thus, the Court enters a declaratory judgment in favor of Gracelawn declaring that the sales of burial vaults by Gracelawn is not a "pre-need burial contract" within the definition of 24 *Del.C.* § 3120(3), where the vaults are actually delivered by Gracelawn to the purchaser within a reasonable time after payment by the purchaser.

IT IS SO ORDERED.